UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OWEN KARL JACKSON,<br><br>   Plaintiff,<br><br>   v.<br><br>REBECCA PETERSEN,<br>Twin Falls County Treasurer,<br><br>   Defendant. | Case No. 1:23-cv-00422-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Rebecca Petersen's motion to dismiss (Dkt. 11) and Plaintiff Owen Karl Jackson's motion for leave to file an amended complaint (Dkt. 15). The Court finds that oral argument will not substantially aid in the resolution of the pending motions. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons discussed below, the Court will deny Petersen's motion as moot and grant Jackson's motion for leave to file an amended complaint.

## BACKGROUND

On September 25, 2023, electing to proceed pro se, Jackson filed this lawsuit against Petersen. *See Compl.*, Dkt. 1. Jackson's complaint alleges multiple causes of action that apparently relate to Twin Falls' attempt to take possession of two

MEMORANDUM DECISION AND ORDER - 1

properties owned or previously owned by Jackson. *See id.* Specifically, Jackson alleges that Twin Falls' attempt to take possession of 428 Hidden Trail Lane and 216 Fillmore Street violates the Fifth, Seventh, Eighth, and Thirteenth Amendments of the United States Constitution. *See id.* Jackson requested both damages and injunctive relief against Petersen. *See id.*

On January 31, 2024, this Court entered an Order to Show Cause mandating that Jackson show cause as to why the matter should not be dismissed for lack of service under Federal Rule of Civil Procedure 4(m) or proof of service by March 1, 2024. *See MDO*, Dkt. 2. On March 1, Jackson finally paid the associated filing fees. *See* Dkt. 4. Days later, he filed a return of summons, showing that Petersen had been served on February 29, 2024. *See Summons*, Dkt. 5.

On March 20, 2024, Petersen filed her answer to the complaint. *See Answer*, Dkt. 8. A week later, Petersen filed a motion to dismiss according to Federal Rule of Civil Procedure 12(b), seeking dismissal of the entirety of Jackson's complaint. *See generally Motion*, Dkt. 11. Although Petersen made individualized arguments regarding each of Jackson's claims, she raised two overarching challenges. First, Petersen argued that the Tax Injunction Act exclusively places subject matter jurisdiction in state court where a plain, speedy, and efficient remedy is available. *See id.* at 4. Second, Petersen claimed that she was immune from suit in both a

MEMORANDUM DECISION AND ORDER - 2

personal and official capacity. *See id.* at 6-7.

On April 16, 2024, Jackson filed a response to the motion to dismiss, a response to the order to show cause, and a motion for leave to file an amended complaint. *See* Dkts. 13, 14, & 15. In his response to the motion to dismiss, Jackson clarified that he is alleging claims under the Takings Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment. *See Pl.'s Resp.* at 7, Dkt. 13-2. Jackson also notified the Court and Petersen that he intended to withdraw his Seventh and Thirteenth Amendment claims. *See id.* at 9-10. These adaptations are reflected in Jackson's amended complaint, in which he only brings those Fifth and Eighth Amendment claims. *See Amend. Compl.*, Dkt. 16. Furthermore, according to the amended complaint, it appears that Twin Falls has taken possession of the properties, and that Jackson is abandoning his pursuit of injunctive relief. *Compare id.* (the amended complaint alleges that "Defendant transferred ownership" of the properties); *with Compl.*, Dkt. 1 (alleging that "Defendant has attempted to wrongfully take possession" of the properties).

Finally, on May 7, 2024, Petersen filed an objection to the motion for leave to amend. *See Objection*, Dkt. 17. Although the objection provided limited substantive argument, Petersen requested that the Court first address the motion to dismiss rather than granting leave to amend. *See id*. Petersen did not file a reply to

**MEMORANDUM DECISION AND ORDER - 3**

her motion to dismiss. Jackson similarly did not file a reply to the objection for leave to amend.

## DISCUSSION

As a threshold matter, the Court finds it necessary to clarify what exactly it is addressing. As mentioned, this matter initially came before the Court on Petersen's motion to dismiss pursuant to 12(b)(1) and 12(b)(6). *See Motion*, Dkt. 11. However, Petersen's 12(b) motion was filed a week after she filed an answer to the complaint. *See Answer*, Dkt. 8. The Federal Rules of Civil Procedure provides that a motion asserting any 12(b) defenses "must be made *before* pleading." *See* Fed. R. Civ. P. 12(b) (emphasis added). A challenge to the sufficiency of the pleadings made after the close of pleadings is properly brought under Rule 12(c) as a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). Because Petersen's motion was filed after the close of pleadings, the Court will construe it as a 12(c) motion.[1] *See Elvig v. Calvin*

---

[1] While the categorization of Petersen's motion is largely irrelevant given that the analysis under Rule 12(c) is "substantially identical" to that under Rule 12(b)(6), it is relevant to Jackson's motion for leave to amend. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). If Petersen had truly filed a 12(b) motion, Jackson would have been able to file an amended complaint as a matter of right. *See* Fed. R. Civ. P. 15(a)(1)(b) (a party may amend its
(Continued)

*Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) ("Defendants filed their motion to dismiss *after* filing their answer. Thus, the motion should have been treated as a motion for judgment on the pleadings, pursuant to Rule 12(c) or 12(h)(2).") (emphasis original).

Regardless of the classification, Jackson lodged his motion for leave to file an amended complaint while Petersen's motion remained pending, creating an unusual procedural posture. Then, in opposition to the motion for leave, Petersen requested that the Court rule on her motion to dismiss before allowing amendment rather than provide a substantive response to the proposed amended complaint. *See Objection*, Dkt. 17. In large part, the Court will decline to do so.

Jackson has clearly shown his intent to refine his suit to those claims he feels are most viable. Moreover, if the Court grants him leave to file his amended complaint, it will become the operative pleading in this matter. *See Lacey v.*

---

pleading once as a matter of course "21 days after service of a motion under Rule 12(b), (e), or (f)"). However, since the Court will construe Petersen's motion as one for judgment on the pleadings, it will review Jackson's motion for leave under the usual standard rather than simply allowing the amendment as a matter of right. *See Brown v. Mt. Grant Gen. Hosp.*, No. 3:12-CV-00461-LRH, 2013 WL 129406, at *3 (D. Nev. Jan. 9, 2013) ("Because the court treats the instant motion as a motion for judgment on the pleadings under Rule 12(c), the right to amend as a matter of course under Rule 15(a) is inapplicable.").

**MEMORANDUM DECISION AND ORDER - 5**

*Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) ("[t]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect."); *Falck N. California Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765 (9th Cir. 2022) ("The amended complaint made the First Amended Complaint no longer operative."). Thus, the Court sees no reason to address arguments directed at a complaint without legal relevance if leave is granted.[2] In other words, as a matter of efficiency, the Court will first determine whether leave should be allowed before unnecessarily addressing Petersen's attack on the original complaint. *See* Fed. R. Civ. P. 1.

However, given the unusual poster, the Court will do its best to incorporate Petersen's argument regarding the Tax Injunction Act into her objection for leave to amend since it was the only argument she attempted to re-raise.[3] *See id.* at 2 (claiming that "[j]ustice doesn't require that a federal case proceed when there's a plain, speedy, and efficient remedy concerning this property tax matter in Idaho state court."). With the table set, the Court will turn its focus to the Tax Injunction

---

[2] Although the Court will not analyze each argument in the motion to dismiss, Jackson's amended complaint appears to resolve most of the issues.

[3] If Petersen believes any of her other arguments remain applicable, she is free to re-raise them in another motion.

**MEMORANDUM DECISION AND ORDER - 6**

Act through the lens of Jackson's motion for leave to amend.

### A.  Legal Standard

Motions to amend are analyzed under Federal Rule of Civil Procedure 15(a). Rule 15(a) is a liberal standard and leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006). When determining whether to grant leave to amend, the Court considers five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

The Ninth Circuit holds that these factors are not of equal weight; specifically, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *accord Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The most crucial factor is whether amendment would prejudice the opposing party. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). But the futility of amendment can, by itself, justify the denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). A proposed amended pleading is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. RykoffSexton, Inc.*, 845

F.2d 209, 214 (9th Cir. 1988).

### B. The Tax Injunction Act

Petersen does not appear to challenge four of the five factors. Instead, she seems only to raise a futility argument. *See Objection*, Dkt. 17. As mentioned, Petersen's fundamental argument, while sparse, is that the Tax Injunction Act (TIA) divests this Court of subject matter jurisdiction over any of Jackson's claims. *See Def.'s Br.* at 4, Dkt. 11-1. Specifically, Petersen argues that there is a plain, speedy, and efficient remedy regarding Jackson's delinquent taxes in Idaho state court, which prohibits this Court from exercising jurisdiction. *See id*. However, as explained below, Petersen's general statements are insufficient to show that, as amended, Jackson's claims fall within the TIA's ambit.

Federal courts are courts of limited jurisdiction, and Congress may divest them of jurisdiction. The Tax Injunction Act is an example of such a divestiture. *See* 28 U.S.C. § 1341. It provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Id.* Courts have held that the Tax Injunction Act and principles of comity restrict two types of suits: (1) suits for declaratory relief holding state tax laws unconstitutional, and (2) suits seeking damages related to the imposition of

**MEMORANDUM DECISION AND ORDER - 8**

unconstitutional taxes. *See California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982); *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981). There is an exception when plaintiffs do not challenge the constitutionality of the taxes, but instead allege that they have no "plain, speedy and efficient remedy" in state courts. 28 U.S.C. § 1341.

Although Petersen's general statements in her motion might have been enough to show the TIA would have divested jurisdiction from this Court over the claims in Jackson's original complaint, that is not so regarding the amended complaint. Initially, while Petersen attempted to incorporate her argument regarding the TIA, she failed to account for the changes Jackson made to his legal theories in his amendment. Petersen provided no argument, explanation, or authority on how either claim in the amended complaint challenges the constitutionality of Idaho's tax scheme, seeks to enjoin, suspend, or restrain the assessment, levy, or collection of any tax under State law, or generally how such claims are prohibited. *See Objection*, Dkt. 17; *Def.'s Br.* at 3-4, Dkt. 11-1.

Moreover, through the amended complaint, Jackson no longer seeks a temporary restraining order or an injunction to nullify any relevant tax deed, nor is he requesting the expungement of any outstanding tax balances. *See Amend. Compl.* at 4-5, Dkt. 16. More importantly, Jackson has refined his legal theory to

**MEMORANDUM DECISION AND ORDER - 9**

raise constitutional challenges to Twin Falls' transfer of the two properties without offering compensation "for the residual equity value of the property fewer tax burdens." *See id.* at 4. Jackson is not challenging "the existence or validity of the tax burdens," but rather, his concerns "revolve around the unaccounted for equity value of the properties." *See Pl.'s Resp.* at 5, Dkt. 13.

While the Court will abstain from addressing the merits of Jackson's claims—as no such arguments have been raised—it appears that, at the very least, some courts have found that the TIA is inapplicable where a plaintiff does not challenge the validity of the underlying tax burdens but only seeks return of the excess proceeds post-foreclosure. *See, e.g., Harrison v. Montgomery Cnty., Ohio*, No. 20-4051, 2021 WL 1881382 (6th Cir. May 11, 2021) (finding that plaintiff's §1983 takings challenge to Ohio's extinguishment of her surplus equity after foreclosing on her tax-delinquent property did not "run afoul of [the] comity principles" in the TIA); *Dorce v. City of New York*, 2 F.4th 82, 99 (2d Cir. 2021) (finding that "Plaintiffs' takings claims challeng[ing] the City's authority to transfer foreclosed-on property, including any value in that property *in excess of* the amount owed and secured by the tax lien, to a third party without affording the homeowner a mechanism for seeking compensation for the excess value of the property" was not barred by the TIA or principles of comity); *Freed v. Thomas*,

**MEMORANDUM DECISION AND ORDER - 10**

976 F.3d 729, 734 (6th Cir. 2020) ("post-collection federal constitutional violations that may proceed in federal court, not a tax case barred by the TIA."); *Anderton v. Bannock Cnty.*, No. 4:14-CV-00114-BLW, 2015 WL 428069, at *4 (D. Idaho Feb. 2, 2015) (finding that the Court had jurisdiction of a claim for a takings violation because it was "not based on the general assertion that property taxes are unconstitutional."). Accordingly, Petersen has not shown that Jackson is attempting to challenge the validity of Idaho's tax scheme.

Just as Petersen has not shown that the amended claims are attacking the constitutionality of Idaho's tax system, she also has not shown that there is a plain, speedy, and just remedy in state court to seek the return of excess funds from a foreclosure sale. While Petersen provided a broad overview of Idaho's statutory tax scheme in her motion to dismiss, none of the cited statutes appear to address the recovery of excess funds—the issue presented by the amended complaint, *see Def.'s Br.* at 3, Dkt. 11-1 (citing Idaho Code §§ 63-1001-15), and again, Petersen's objection provided no further insight into the claims contained in the amended complaint. *See Objection*, Dkt. 17. Thus, Petersen has not demonstrated that the amended complaint brings the type of challenges inherently prohibited in federal court by the TIA or the principles of comity.

To be clear, the Court is not going as far as to hold that the TIA or comity

**MEMORANDUM DECISION AND ORDER - 11**

principles are inapplicable to this situation, nor does it believe that Jackson's amended complaint would not significantly benefit from additional allegations. Rather, the Court simply finds that Petersen's limited challenge fails to show that the amended complaint would be futile.[4] Furthermore, the remaining factors favor granting Jackson leave to amend. This is Jackson's first attempt to amend his complaint and there is no evidence that the amendment was made in bad faith, will cause undue delay, or prejudice Petersen. In fact, as discussed, if Petersen had filed her motion seven days earlier—prior to her answer—Jackson would have been entitled to amend his complaint as a matter of right. *See* Fed. R. Civ. P. 15(a).

Accordingly, the Court will grant Jackson's motion for leave to amend. Because the amended complaint will become the operative pleading in this matter, the Court will also deny Petersen's motion to dismiss as moot.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 15) is

---

[4] Similarly, the Court will decline to provide "direction" to the parties regarding the contours of the TIA based on the limited arguments raised in the briefing. *United States v. Alpine Land & Reservoir Co.*, 887 F.2d 207, 214 (9th Cir. 1989) ("However, courts should not render advisory opinions upon issues which are not pressed before the court, precisely framed and necessary for decision.").

**GRANTED**.

2. Defendant's Motion to Dismiss (Dkt. 11) is **DENIED** as **MOOT**.

DATED: August 2, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 13