UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OWEN CARL JACKSON<br><br>Plaintiff,<br><br>v.<br><br>REBECCA PETERSON, Twin Falls County Treasurer<br><br>Defendant. | Case No. 1:23-cv-000422-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant's Motion for a More Definite Statement (Dkt. 19) pursuant to Federal Rule of Civil Procedure 12(e). For the reasons described below, the Court will grant the motion and provide Plaintiff with instructions for amending his complaint.

## BACKGROUND

Plaintiff Owen Karl Jackson, appearing pro se, brought this lawsuit against Rebecca Petersen, the Twin Falls County Treasurer. Jackson's amended complaint (Dkt. 16) alleges that Petersen violated the Takings Clause of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and 42 U.S.C. § 1983. According to Jackson, Petersen transferred ownership of two pieces of real

**MEMORANDUM DECISION AND ORDER** - 1

property "from the Plaintiff to Twin Falls County and offered no compensation for the residual equity value of the property less tax burdens nor any form of promissory note at any time since." *Am. Compl.* at 4, Dkt. 16.

Petersen now moves for a more definite statement to clarify (1) whether she is being sued in her official or personal capacity; (2) facts supporting a Takings Clause violation; (3) facts supporting an Excessive Fines Clause violation; (4) the significance of the underlying property tax; and (5) Jackson's reference to a "written statement of intent." *Pl.'s Mot. for a More Definite Statement*, Dkt. 19. Jackson did not respond to the Motion.

## ANALYSIS

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations must be clear enough that the defendant has "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and alteration omitted). Pro se complaints are construed liberally, but the plaintiff must nonetheless provide sufficient details to put the defendant "on notice of what each claim is and the factual basis that supports each claim." *Larson v. County of Benewah*, 2:18-cv-00287-DCN, 2018 WL 3758571, at *3 (D. Idaho Aug. 8, 2018). If a complaint is "vague or ambiguous" to the point that the defendant "cannot

MEMORANDUM DECISION AND ORDER - 2

reasonably prepare a response," the defendant may move for a more definite statement. Fed. R. Civ. P. 12(e). This motion "must point out the defects complained of and the details desired." *Id.*

Petersen has established that Jackson's complaint is vague and ambiguous to the point that she cannot reasonably prepare a response.

First, the complaint does not specify whether Petersen is being sued in her personal or official capacity. Petersen needs this information because it informs whether she is entitled to qualified immunity.

Second, Jackson brings two claims but does not specify whether they both represent alleged violations of the Takings Clause. He also fails to set out facts that establish each element of a Takings Clause violation, which requires that the property was taken from the plaintiff for "public use" without "just compensation." *See Zeyen v. Bonneville Joint Dist., # 93*, 114 F.4th 1129, 1139 (9th Cir. 2024). The complaint states that he owned the properties and did not receive any compensation, but there are no facts that speak to whether the alleged taking was for public use.

Third, the complaint has similar defects as far as the Excessive Fines Clause claim(s). It is uncertain whether one or both property transfers are alleged to be Eighth Amendment violations, and there are no facts corresponding to the factors considered in an Excessive Fines claim. An Excessive Fines analysis weighs "(1)

MEMORANDUM DECISION AND ORDER - 3

the nature and extent of the crime, (2) whether the violation was related to other illegal activities, (3) the other penalties that may be imposed for the violation, and (4) the extent of the harm caused." *See United States v. $100,348 in U.S. Currency*, 354 F.3d 1110, 1122 (9th Cir. 2004). Jackson has not provided information about any of these considerations.

Fourth, Jackson has not explained whether he is disputing the property tax debt that apparently led to the property transfer. In the "Statement of Claim" section, he indicates that the claim is based on the difference between the value of each property and the "tax burden," which would suggest that he accepts the underlying tax. In the "Relief" section, however, he asks for the full value of each property without regard to the tax. Petersen obviously needs to know whether the tax itself is in dispute, as this would significantly affect the nature of her defense.

Finally, Jackson's claim for relief also asserts, "The alleged wrongs are continuing as the Defendant has provided written statement of intent to the Plaintiff." The meaning of this statement is unclear. As Petersen explains, she "cannot respond to this allegation because it is unclear what written statement Plaintiff is referring to." *Pl.'s Mot. for a More Definite Statement* at 6, Dkt. 19. Jackson must provide enough identifying information about the statement – such as its date, title, and content – that Petersen can appropriately respond.

For these reasons, the Court will grant Defendant's Motion for a More

**MEMORANDUM DECISION AND ORDER - 4**

Definite Statement. Plaintiff will have twenty-one days to amend the complaint to cure the above deficiencies. Being mindful of Plaintiff's pro se status, the Court will provide the following instructions for amending the complaint.

### INSTRUCTIONS FOR AMENDING COMPLAINT

1. Jackson should clarify whether he is suing Petersen in her official or personal capacity. In other words, he should specify whether the alleged violations were official actions of Twin Falls County or actions of Petersen as an individual.

2. Jackson should explain which property transfer(s) constitute Takings Clause violations. For any such alleged violations, he should provide facts showing the property was taken for public use. *See Zeyen*, 114 F.4th at 1139.

3. Jackson should explain which property transfer(s) constitute Excessive Fines violations. For any such alleged violations, he should provide facts regarding the following factors: (1) the nature and extent of the underlying offense that gave rise to the fine; (2) whether that offense related to other illegal activities; (3) whether other penalties were imposed for that offense; and (4) the extent of the harm caused by that offense. *See $100,348 in U.S. Currency*, 354 F.3d at 1122.

4. Jackson should explain whether he is contesting the "tax burden" that resulted in the property transfers. If he does contest the tax, he should

**MEMORANDUM DECISION AND ORDER - 5**

explain why (taking care to allege specific facts rather than legal conclusions).

5. Jackson should provide identifying information about the "written statement of intent" described in his complaint. He should provide (1) the date of the statement, (2) the sender, (3) the recipient, (4) the name or title of the document, and (5) a description or quotation of the content of the statement. Alternatively, he can attach the statement itself to the new complaint.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for a More Definite Statement (Dkt. 19) is **GRANTED**.

2. Plaintiff shall file a Second Amended Complaint clarifying his claims within twenty-one days of the date of this Order.

3. Failure to file an Amended Complaint by the above date may result in dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 12(e).

DATED: November 1, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6